UNITED STATES of America,
Plaintiff,

v.

Chad Eric SCHENK, Defendant.

No. 03–40050–01–RDR.

United States District Court,
D. Kansas.

Nov. 3, 2003.

Marilyn M. Trubey, Office of Federal Public Defender, Topeka, KS, for Defendant.

Gregory G. Hough, Office of United States Attorney, Topeka, KS, for Plaintiff.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

Defendant is charged in a three-count indictment. Count one alleges that defendant stole firearms from Nick's Pawn Shop in Salina, Kansas in violation of 18 U.S.C. §§ 922(u) and 924(i)(1).

Count two alleges that defendant received, concealed, stored and disposed of the same stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). Count three alleges that defendant possessed a firearm as a convicted felon.

Defendant has filed three motions: 1) a motion to suppress; 2) a motion to elect; and 3) a motion to dismiss for vindictive prosecution. This case is now before the court upon these motions. The court has conducted a hearing and is prepared to rule.

Motion to suppress

■ The motion to suppress contends that defendant was wrongfully arrested without a warrant inside his residence and that statements he made after his arrest and evidence collected from a search conducted after the arrest should be suppressed as the fruit of the alleged illegal arrest.

■ If defendant was arrested inside his home without an arrest warrant, absent exigent circumstances, it would be a violation of the Fourth Amendment. See *U.S. v. Flowers,* 336 F.3d 1222, 1226 (10th Cir.2003) (citing *Kirk v. Louisiana,* 536 U.S. 635, 122 S.Ct. 2458, 153 L.Ed.2d 599 (2002) and *Payton v. New York,* 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)). However, after listening to the evidence presented, the court finds that defendant was not arrested inside his residence.

Paul Forrester, a well-experienced investigator for the Salina Police Department, testified about the arrest to the court. He knew that Nick's Pawn Shop in Salina had been burglarized at approximately 4:00 a.m. on December 15, 2002. The same day he received a call from defendant's mother indicating that defendant burglarized the shop. Forrester visited with Brooks Leatherman, another son of defendant's mother, who told him that defendant described the crime to him, including the guns that were stolen. He also said that defendant had cuts on his hands. Forrester was aware of the details of the burglary. He knew that a window was broken to gain access inside the pawn shop and that only guns were stolen. He was also aware that defendant had burglarized the shop on a prior occasion.

Forrester went to the duplex where defendant was staying, although he was not the renter or owner. Forrester asked defendant to come outside. Defendant did so and closed the front door. Forrester noticed cuts on defendant's hands. Defendant refused Forrester's requests to go to the Salina Police Department and to permit a search of the residence. At that point, Forrester placed defendant under arrest and handcuffed him on the front porch of the residence.

The court is convinced from this evidence that defendant was not arrested inside his residence. Instead, he was arrested after he had voluntarily passed from the threshold of the residence. Therefore, a warrant was not needed to arrest defendant as long as there was probable cause to support the arrest. See *U.S. v. Watson,* 273 F.3d 599, 602 (5th Cir.2001).

Although defendant has not explicitly challenged the probable cause behind the arrest, we shall make the finding that the information available to the police officers was sufficient to find probable cause that defendant committed the burglary for which he was arrested. "Probable cause to arrest does not require facts sufficient to establish guilt, but does require more than mere suspicion." *U.S. v. Vazquez–Pulido,* 155 F.3d 1213, 1216 (10th Cir.) cert. denied, 525 U.S. 978, 119 S.Ct. 437, 142 L.Ed.2d 356 (1998).

The motion to suppress shall be denied.

Motion to elect

■ Defendant is charged in count one with theft of firearms and is charged in count two with possession of the same allegedly stolen firearms. Defendant contends that the government should be required to elect to proceed upon only one of

the counts at trial. The government does not appear to contend that Congress intended to punish the two alleged violations separately under the facts asserted here. However, the government argues that election is not necessary as long as the court properly instructs the jury not to consider count two if it finds defendant guilty of count one.

The Tenth Circuit held that it was plain error not to give such instructions in *U.S. v. Brown*, 996 F.2d 1049 (10th Cir.1993) where the defendant was charged with theft from a truck in interstate commerce and possession of the same stolen goods in interstate commerce.

Under the circumstances of this case, the court does not believe election by the government is necessary as long as the jury is properly instructed consistent with the Brown case. Therefore, the court shall deny the motion to elect.

Motion to dismiss for vindictive prosecution

 Defendant asserts that this prosecution is being brought because he refused to accept a plea bargain in state district court.

There were five persons arrested by state or local law enforcement in connection with the burglary of the pawn shop: defendant Schenk, Michael Hightower, William Sallee, Adam Piersee and Christopher Pryor. Hightower was charged and pleaded guilty in state court and was placed on 24 months probation. William Sallee was charged in state court, but the case was dismissed without prejudice in lieu of a federal prosecution. The state court charge against Christopher Pryor, a juvenile, apparently is still pending. It appears that charges against Piersee, Sallee and defendant Schenk were dismissed in favor of federal prosecution. Defendant has introduced into evidence a report by

an ATF agent in this case. The report states:

> Attempts to negotiate appropriate plea agreements with both SCHENK and PIERSEE in state court proved unsuccessful. It was at this time that the Salina Police Department and Saline County Attorney's Office asked that both SCHENK and PIERSEE be prosecuted federally.

However, the court has no information that Piersee and Sallee have been charged federally yet.

Defendant claims that the decision to bring federal charges when there was no plea agreement reached in state court amounts to illegal vindictive prosecution. Defendant is being prosecuted in federal court, he claims, because he refused to plead guilty (i.e., exercised his right to a jury trial) in state court.

On a vindictive prosecution claim, "[a] defendant has the burden of proof and must establish either (1) actual vindictiveness, or (2) a realistic likelihood of vindictiveness which will give rise to a presumption of vindictiveness." *U.S. v. Raymer*, 941 F.2d 1031, 1040 (10th Cir.1991). If this burden is met, then the prosecution must "justify its decision with legitimate, articulable, objective reasons." *Id.* If defendant does not meet the burden of proof, the court need not reach the justification issue. *Id.*

As for the question of actual vindictiveness, the only evidence is the memo from the federal agent stating that federal prosecution was requested when plea negotiations were not successful in state court with defendant Schenk and Adam Piersee. We will assume that a federal prosecution would not have occurred in this case if those negotiations had been successful. But, there is no statement from the federal prosecutor as to the criteria he considered in deciding to present this case to the

grand jury. Moreover, there has been no federal charge to this point brought against Piersee and Sallee. Accordingly, we do not believe actual vindictiveness has been demonstrated.

In addition, the court is not convinced that defendant has demonstrated that he has been retaliated against for exercising a protected right. The recent case of *U.S. v. Sarracino*, 340 F.3d 1148 (10th Cir.2003) makes this point. Sarracino was originally indicted for voluntary manslaughter, but after he refused to accept the final plea proposal to the manslaughter charge, faced a superseding indictment for second degree murder. The Tenth Circuit affirmed the rejection of Sarracino's claim of vindictive prosecution. The Circuit stated:

> The Supreme Court [in *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) ] has held that so long as the prosecutor has "probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion".... 
> Sarracino claims that the government punished him for exercising his constitutional right to have a trial rather than accept a plea bargain. Sarracino made the tactical choice to reject the plea bargain and proceed to trial.... The government had probable cause to seek the reindictment of Sarracino for second degree murder ... Sarracino has to live with the consequences of his tactical choice. "A claim of vindictive prosecution cannot insulate the defendant from the lawful consequences of his tactical choices." *United States v. Raymer*, 941 F.2d 1031, 1042 (10th Cir.1991).

340 F.3d at 1178–79.

While defendant has a right to go to trial when charged with criminal conduct, he does not have a right to select whether the alleged crime is tried in state or federal court. Defendant's constitutional right to have a trial will be observed in federal court if the parties cannot agree to some other outcome. Therefore, one cannot infer that the decision to bring a federal prosecution is punishing defendant for insisting upon a trial rather than accepting the plea bargain offered by state prosecutors. It is merely a reaction to a tactical choice by defendant which could as well be motivated by the resources available for prosecution in Saline County or some other legitimate factor as by any improper punitive animus.

In sum, we do not find that defendant has proven actual vindictiveness or retaliation against the exercise of a protected right.

Further, we find that defendant has not demonstrated facts which would give rise to a presumption of vindictiveness. "Given a variety of fact patterns, federal courts repeatedly have rejected the idea that federal prosecution, after state proceedings, constitutes vindictive prosecution." *Raymer*, 941 F.2d at 1041. In *Raymer*, the court found no presumption of vindictiveness where a federal prosecution was instituted and preexisting state charges were dismissed allegedly because the defendant did not complete plea negotiations regarding the state charges and resisted extradition to where the state charges were filed. The Tenth Circuit affirmed this decision even though the state and federal prosecutor was the same person. The Tenth Circuit noted that the Supreme Court has held that " 'changes in the charging decision that occur in the context of plea negotiation are an inaccurate measure of improper prosecutorial 'vindictiveness.' ' " *Raymer*, 941 F.2d at 1042, quoting *U.S. v. Goodwin*, 457 U.S. 368, 379–80, 102 S.Ct.

2485, 73 L.Ed.2d 74 (1982). The court further concluded:

"Just as 'a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded' ..., so too may a state prosecutor refer a prosecution to federal authorities when plea negotiations fail. Without creating a presumption of vindictiveness, a state prosecutor may notify a defendant that his case will be referred to the federal government in the event that the state prosecution cannot proceed to trial.... Likewise, a prosecutor may notify a defendant who declines to plead guilty that his case will be transferred to a forum in which stricter penalties are available."

941 F.2d at 1042, quoting *Goodwin,* 457 U.S. at 380, 102 S.Ct. 2485 (other citations omitted).

The Tenth Circuit also listed various legitimate reasons for a superseding federal prosecution. The court observed that a decision to bring a more serious charge against a person may occur as a result of a crystallization of the prosecutor's assessment of the proper extent of prosecution after considering the federal interest in the matter, the federal penalties available, the prosecutorial resources available and efficiency concerns. 941 F.2d at 1042–43. These factors or others could have played a role in the decision to refer this case for federal prosecution as well as the decision to actually bring a federal prosecution.

In conclusion, the court finds that there has been an insufficient showing of vindictive prosecution. Therefore, defendant's motion shall be denied.

**IT IS SO ORDERED.**